### CHARLES E. WORDEN V. DORA KLAG ET AL.

No Breach of Bond where Injunction was Rightfully Granted.

When a court of chancery rightfully issues an injunction at the instance of a plaintiff, who is compelled to resort to such court for the protection of his property rights, the defendant in such action cannot, in a subsequent action against the original plaintiff, recover for an alleged breach of the injunction bond.

HAYNES, J. (orally).

This is a petition in error to reverse the judgment of the court of common pleas in an action which was brought by Worden against the Klags upon an injunction bond, which was given in a case filed in the court of common pleas, wherein Dora Klag was plaintiff and Charles E. Worden was defendant. The undertaking is in the form prescribed by the statute. It reads: " We bind our-selves to the said defendants in the sum of three hundred dollars, that the said plaintiff, Dora Klag, shall pay to the said defendant all damages he may sustain by reason of the injunction in this action, if it be finally decided that the said injunction ought not to have been granted." Such proceedings were had in the last named action that judgment was rendered in favor of the defendants; the issue of fact in the case being, whether or not there had been a breach of the condition of that bond—whether it had ever been in effect decided that such injunction ought not to have been granted.

The original action of *Dora Klag* v. *Charles E. Worden* was brought by Dora Klag for the purpose of obtaining the recision of certain deeds that had been made in certain exchanges of property between Worden and the Klags. She set out in substance that there had been an agreement entered into for the exchange of property, wherein Worden was to convey to her certain property in Fulton county, and she was to convey to Worden certain property in this county; that Worden was to pay her upon the property in this county the sum of four thousand and odd dollars in cash. The deeds were made, and Dora Klag remained in possession of the property in Toledo. The controversy between them at that time was, as I understand it, that the Klags claimed that Worden was to pay $4,000 in cash, which they were to use in paying off liens upon the property, and to relieve them from any obligation upon this indebtedness. Worden claimed that he was to take the property subject to the liens, and was to pay them off, or arrange for them, as he might see fit. He, however, obligated himself to pay the liens upon the property. And therein they disagreed. In the petition it is alleged that there was fraud; the Klags aver that Worden had made representations as to the value of the property in Fulton county which were false, and were intended to mislead and to defraud the plaintiffs. But with this controversy or contention existing between them, Worden served a notice upon the Klags to quit the premises, and gave out that he was about to commence an action for the recovery of that property by an action of forcible detainer. Thereupon the Klags began this suit that I have spoken of, and obtained an injunction to restrain the commencement of that suit and to restrain Worden from interfering with the Klags' possession of the property until the rights of the respective parties might be determined. That injunction was granted and the bond was given of which I have spoken. Ultimately that suit came to trial in the court of common pleas, and the court found that there never had been an agreement of minds between the Klags and Worden in regard to the trade or exchange of the property, and it was ordered, adjudged and decreed "that upon the payment to the clerk of this court on or before August 5, 1892, of all moneys and interest

thereon expended by Charles E. Worden in connection with the Toledo property, together with the sum of fifty-three dollars paid to plaintiff by him, and upon the execution and delivery to the said clerk of a quit-claim deed for the Delta property, executed by Anna Dora Klag, with the release of the mortgage given by her upon said property, then and in that event said Charles E. Worden is ordered to deliver to the clerk of this court a quit-claim deed for the Toledo property conveyed to him by the plaintiff." That is to say, there was to be a recision of the contract; not precisely a recision of the contract, because of the claim that their minds had never met, but a reconveyance of the property. It will be observed as one of the peculiar things in this judgment, that there is no finding whatever of the amount of money that it was claimed that Worden had expended in connection with the Toledo property. That is left indefinite and uncertain, and a blank. He might claim one dollar, he might claim a million. The court then says:

"It is further ordered, adjudged and decreed that the costs of this proceeding, taxed at $——, shall be paid by the defendant, Charles E. Worden, for which execution shall issue."

That judgment, so far as the costs are concerned, is absolute, and is not changed in any way or manner by other provisions. But it will be seen by the judgment down to this point, that the court orders a reconveyance of the property upon the payment by Mrs. Klag of the money that Worden had expended upon the Klag property, the repayment of the fifty-three dollars that had been paid to Mrs. Klag, and a release of a mortgage that had been placed upon the property in Fulton county by Mrs. Klag after the deed was made to her; and that Worden should pay the costs of suit. The court then proceeds to make a further order and decree.

"But it is further ordered and decreed by the court, that if the plaintiff shall fail to make repayment to the said defendant, Charles E. Worden, of the aforesaid sums of money so ordered to be repaid to him, and tender to him a deed for said Delta property as aforesaid ordered, on or before said fifth day of August, A. D. 1892, then and in such event it is ordered and decreed that this case be dismissed at the costs of the plaintiff, and the possession of the part of said premises in the petition described, now in the possession of the plaintiff, be surrendered to the said defendant, Charles E. Worden, and that an order for delivery of possession of the same issue to the sheriff of Lucas county, Ohio, in such behalf."

The record shows that this mortgage was not paid, and it further shows that a suit was brought against the parties by the Union Savings bank to recover upon a mortgage upon the Klag property.

Now, we are clearly of the opinion that there can be no question whatever, but that the plaintiff, Dora Klag, was entitled to an injunction restraining Worden from interfering with her possession until there could be a decision of the case. It was simply a case where the party was compelled to resort to a court of equity to obtain relief in regard to matters that could not be set up as a defense in an action of detainer, and until that question could be settled, the parties should remain in the position in which they were at the time. And so the court issued an injunction, and it was rightfully issued, and she was rightfully in possession until after the decision of the court; she was rightfully in possession after that time until the time had expired in which she was permitted to perform certain acts which would entitle her to a re-deeding of the property to herself. For some reason which does not appear in the case here, she was unable to carry that out, and did not carry it out. Thereupon the plaintiff here would have been entitled to have had the property remain as it was. Whether the property was ever reconveyed or not does not appear, but we take it from the statement that was made that it never was, because the Klag property was sold out, and nobody paid.

Without deciding some of the numerous questions that may be raised in this class of cases, we are clearly of the opinion upon the face of these papers, that

the plaintiff here has not shown that there was any condition of this bond broken. It is not decided, and ought not to be decided, that the injunction was improperly issued. We think, in short, that the plaintiff was entitled to the injunction until the decision of the case, and that there has been no breach of the condition of the bond.

Entertaining that view, the judgment of the court of common pleas in this behalf will be affirmed.

*A. W. Eckert*, Attorney for Plaintiff in Error.

*Hurd, Brumback & Thatcher*, Attorneys for Defendant in Error.